Harper, J.
The view of the presiding judge seems to be, and such is the argument urged to this Court, that although the defendant Ashford, may haye recognized and affirmed the contract of partnership, and although this affirmance may have bound him as between himself and his partner, yet there was no privity between himself and the plaintiffs; and never having assumed the debt to the plaintiffs, but having always refused to do so from the time he was informed of it, he cannot be liable to them. The judge states that “ there was no express promise to pay; no express act confirming the debt or *481 waiving his right to be discharged ; that he could not confirm a contract he had not heard of, by aGts relating entirely to other contracts. If the partnership had continued, he might, by the acts proved, have made himself liable on contracts entered into after he came of age ; or, inter se, he may have made himself liable to his partner by not disaffirming the partnership on attaining full age. But as to the plaintiff, he could not bind himself to the payment of this note by acts which the plaintiff never heard of, and while he was ignorant of the existence of the note.” It is admitted in argument, that if Ash-ford had received profits from the co-partnership, these might be followed in equity; but it is urged there can be no legal liability to the plaintiffs, there having been no legal contract or privity with them.
I am of opinion, that if the defendant Ashford, after coming of age, did confirm the contract of partnership, he must be held liable to the plaintiffs. Suppose, for instance, that having entered into a written contract of partnership while an infant, he had executed a written confirmation of it upon arriving at full age, knowing nothing of the plaintiffs’ demand; what would have been the effect of that confirmation ? Certainly it must have had relation to the original agreement, and rendered it in every respect as if it had been valid from the beginning. This is the very idea which is involved in the confirming of a voidable contract. Suppose one, having the funds of an adult in his hands, to employ them in trade, and to associate the owner’s name with his own as a partner, and the owner of the funds, on being afterwards informed of this, assents to it, goes on with the business, and receives profits from it. Can it be doubted that he would be regarded as a partner from the begin, ning ? If this be the effect, then it follows that one partner might bind the other by a contract made without his knowledge, to which he never assented, and by which, on being informed of it, he expressly refused to be bound ; and this, although the party contracted with did not know him to be a partner at the time of the contract. To say that one may en. ter into or affirm a partnership without incurring these liabilities, is to say that one may affirm a contract of partnership and disaffirm that which is inseparably incident to a partnership. To hold otherwise, would be to say that the person was bound by no partnership contract to which he did not personally assent. If, at the time of confirmation, the first partner should conceal from the other, disadvantageous contracts into which he had entered in the partnership name, this might be a ground for a liability in equity as between themselves, but could have no effect on the rights of creditors. He who trusts another *482 So ^ar as become partner, must take the consequences of his bad faith, so far as the rest of the world are concerned.
^ *s ^le essence °f partnership that such partner is the general agent of the. firm in relation to its transactions. Chancellor Kent observes, 3 Com. 16, “but it is the capacity by which each partner is enabled to act as principal, and as the authorized agent of the co-partners, that gives credit and efficacy to the association.” Every one who enters into a partnership appoints his co-partners his general agents. But the acts of an agent, or contracts entered into by him, may he rendered valid, as well by a subsequent recognition of his authority as by a previous grant of it. “ The agency must be antecedently given or subsequently adopted ; and in the latter case there must be some act of recognition.” If a general agency is recognized, it is as if a general authority had been at first given; and the principal will be bound by the acts or contracts of the agent within the scope of his authority, although at the time of the recognition he did not know of them; and there may be reason to think that if he had known of them he never would have affirmed the agent’s authority, and though, upon being informed of them, he expressly refused to be bound. Such is the case of a merchant paying bills drawn by his servant. By this recognition of the servant’s authority, •he is liable to all bills which he may have previously drawn without his assent or knowledge. By affirming the partnership, the defendant recognized and affirmed the agency.
1 have said nothing as to the fact of the confirmation of the partnership contract. It is said that slight circumstances will amount to a confirmation of a contract made during infancy ; such as retaining the possession of goods sold, Or selling them. Cheshire v. Barrett, 4 M’C. 241. If Ashford, after coming of age, did in any manner concur in carrying on the partnership business or receives profits from it, I should think this amounted to a confirmation. The facts reported to us tend strongly to shew such a concurrence; though perhaps they are not so conclusive as to be unsusceptible of explanation. On this part of the case we shall conclude nothing, but leave it for future explanation.
The motion for a new trial is granted.
Johnson and O’Neall, Js. concurred.